IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CITY OF COLUMBUS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY JR. *et al.*, <br><br> *Defendants*. | Case No. 25-cv-2114-BAH |

**PLAINTIFFS' UNOPPOSED MOTION TO CLARIFY ORDER OF AUGUST 22, 2025**

Plaintiffs respectfully seek clarification of this Court's Order of August 22, 2025 (ECF 36) in two respects, in order to ensure that the Order conforms with the relief that this Court provided as described in its Memorandum Opinion of the same date (ECF 35). In particular, Plaintiffs request that the Court clarify that its order staying the effective date of certain provisions of the Centers for Medicare & Medicaid Services' (CMS) final rule entitled "Patient Protection and Affordable Care Act; Marketplace Integrity and Affordability," 90 Fed. Reg. 27,074, also stays the effective date of that rule's addition of 45 C.F.R. § 155.320(c)(3)(vi)(C)(2) as well as that rule's revision to 45 C.F.R. § 155.320(c)(5). Plaintiffs respectfully reserve their right to continue to seek relief, in this Court or in other forums, with respect to this Court's partial denial of their Motion to Stay (ECF 11). Counsel for Plaintiffs conferred with counsel for Defendants on August 25, 2025, who represented that Defendants disagree with the reasoning and conclusions reached in the Court's August 22, 2025 Memorandum Opinion but do not oppose the two clarifications Plaintiffs seek.

Good cause supports this request. To Plaintiffs' understanding, this Court's Order, when read together with its Memorandum Opinion, makes clear that this Court has ordered the relief

1

described in this motion. To the extent that there is any ambiguity in this Court's Order, however, it would be appropriate for this Court to enter a further order clarifying for the parties and for the public the relief that it has provided. *See, e.g.*, *Faulkenberry v. Austin*, No. 1:22-CV-01150-JMC, 2024 WL 4838827, at *2 (D. Md. Nov. 20, 2024) ("An ambiguous order may be resolved through a motion for clarification.").

Clarification is appropriate in two respects. First, in its Memorandum Opinion, this Court determined that "Plaintiffs are likely to succeed on the merits of their claim that CMS acted arbitrarily by instituting additional verification requirements without sufficient data justifying the need to do so." ECF 35 at 60-61. In particular, this Court found that the preamble in the final rule had failed to justify these additional verification requirements because CMS had failed to engage with commenters and studies that had criticized the agency's analysis of the issue of improper enrollments in the Affordable Care Act Exchanges. *Id.* at 58-59 (citing 90 Fed. Reg. at 27,122). The cited portion of the rule's preamble describes the agency's (inadequate) rationale for adopting revisions to 45 C.F.R. § 155.320(c)(3)(iii), *see* 90 Fed. Reg. at 27,121, but the regulatory text that the agency finalized adopted those revisions and also added a new 45 C.F.R. § 155.320(c)(3)(vi)(C)(2) that parallels the text of subparagraph (c)(3)(iii), *see* 90 Fed. Reg. at 27,221. Plaintiffs accordingly request that the Court clarify that its Order extends to a stay of the effective date of both provisions.

This Court's Memorandum Opinion also stayed the effective date of the rule's revision to 45 C.F.R. § 155.320(c)(5), concluding that, "[g]iven the lack of sufficient data to justify the rule, and the agency's lack of meaningful explanation for the provision, the Court finds that this provision was not 'reasonable and reasonably explained.'" ECF 35 at 63. Plaintiffs accordingly

request that the Court clarify that its Order extends to a stay of the effective date of this provision as well.

Dated: August 25, 2025

Respectfully submitted,

*/s/ Joel McElvain*
CHRISTINE L. COOGLE (BAR NO. 21846)
JOEL MCELVAIN (BAR NO. 31673)
CORTNEY ROBINSON*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 935-2082
jmcelvain@democracyforward.org
crhenderson@democracyfoward.org
ccoogle@democracyfoward.org

*Counsel for Plaintiffs*

\*Admitted pro hac vice