IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CITY OF COLUMBUS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ROERT F. KENNEDY, JR. *et al.*, <br><br> *Defendants*. | Civil No. 25-2114-BAH |

**ORDER**

For the reasons stated in the Court's memorandum opinion, ECF 35, it is, by the United States District Court for the District of Maryland, hereby **ORDERED** that Plaintiffs' unopposed motion for clarification is **GRANTED**, and this Court's order of August 22, 2025 is amended as clarified to provide as follows:

1. Plaintiffs' motion for a stay under 5 U.S.C. § 705 or, in the alternative, for a preliminary injunction, ECF 11, construed as a motion for a stay under 5 U.S.C. § 705, is **GRANTED** in part and **DENIED** in part;

2. The effective dates of the following provisions of the final rule entitled "Patient Protection and Affordable Care Act; Marketplace Integrity and Affordability," 90 Fed. Reg. 27074, are **STAYED** pursuant to 5 U.S.C. § 705 pending a final ruling on the merits of this case:

    a. The imposition of a $5 premium penalty on automatic re-enrollees, through the addition of 45 C.F.R. § 155.335(a)(3) and (n) and revisions to 45 C.F.R. § 155.330(j);

    b. The revocation of guaranteed insurance coverage for individuals with past-due premiums, through revisions to 45 C.F.R. § 147.104(i);

    c. The failure to reconcile policy in 45 C.F.R. § 155.305(f)(4), including the final rule's amendments to that policy through the addition of 45 C.F.R. § 155.305(f)(4)(iii);

    d. The imposition of eligibility verification for the special enrollment period, through the revisions to 45 C.F.R. § 155.420(g);

    e. The imposition of a requirement that Exchanges verify household income inconsistencies when a tax filer's attested projected annual household income differs from "trusted data sources," through revisions to 45 C.F.R. § 155.320(c)(3)(iii) and the addition of 45 C.F.R. § 155.320(c)(3)(vi)(C)(2);

    f. The changes to the de minimis ranges for actuarial value calculations, through revisions to 45 C.F.R. §§ 156.140(c), 156.200(b)(3), and 156.400;

    g. The changes to the policy regarding self-attestation of projected income, through revisions to 45 C.F.R. § 155.320(c)(5).

3. The Court **DECLINES** to stay the effective dates of the following provisions:

    a. The change to the measure for calculating the premium adjustment percentage set forth in 90 Fed. Reg. 27,166 through 27,178;

    b. The elimination of the 60-day extension of time to resolve inconsistencies in household income data, through the removal of 45 C.F.R. § 155.315(f)(7) and revisions to 45 C.F.R. § 155.320(c)(5).

**SO ORDERED**.

August 25, 2025

/s/
_____
Brendan A. Hurson
U.S. DISTRICT JUDGE