**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| CITY OF COLUMBUS *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY JR. *et al.*,<br><br>   *Defendants*. | Case No. 25-cv-2114-BAH |

**PLAINTIFFS' CONSENT MOTION TO CLARIFY ORDER OF JUNE 12, 2026**

Plaintiffs respectfully seek clarification of this Court's order of June 12, 2026 (ECF 74) to ensure that the order conforms with the relief that this Court provided as described in its memorandum opinion of the same date (ECF 73).  In particular, Plaintiffs request that the Court clarify that its order staying the effective date of certain provisions of the Centers for Medicare & Medicaid Services' final rule entitled "Patient Protection and Affordable Care Act; Marketplace Integrity and Affordability," 90 Fed. Reg. 27,074, also stays the effective date of that rule's revisions to 45 C.F.R. 155.320(c)(5).  Plaintiffs respectfully reserve their right to continue to seek relief, in this Court or in other forums, with respect to this Court's partial denial of their motion for summary judgment (ECF 65).  Counsel for Plaintiffs conferred with counsel for Defendants on June 15, 2026, who represented that Defendants consent to Plaintiffs' motion to clarify.

Good cause supports this request.  To Plaintiffs' understanding, this Court's order, when read together with its memorandum opinion, makes clear that the Court invalidated the rule's revisions to 45 C.F.R. § 155.320(c)(5) regarding self-attestation of projected income when tax data is lacking. *See* ECF 73, at 58-60.  In particular, the Court's memorandum opinion provides

1

that that CMS's self-attestation provision "was not 'reasonable and reasonably explained'" such that "Plaintiffs are entitled to summary judgment as to th[e] provision." *Id.* at 60.  The Court's order, however, did not specifically list that provision as being vacated.  (Section 155.320(c)(5) is listed in the order, but it is described as a provision having different effect.)  Therefore, to the extent that there is any ambiguity in this Court's order, it would be appropriate for this Court to enter a further order clarifying for the parties and for the public the relief that it has provided. *See, e.g.*, *Faulkenberry v. Austin*, No. 1:22-CV-01150-JMC, 2024 WL 4838827, at *2 (D. Md. Nov. 20, 2024) ("An ambiguous order may be resolved through a motion for clarification.").  Plaintiffs accordingly request that the Court clarify that its order extends to a stay of the effective date of the rule's revisions to 45 C.F.R. § 155.320(c)(5).  The attached proposed order also corrects an apparent typographical error to remove what appears to be an inadvertent reference to a non-existent provision, 45 C.F.R. § 155.330(j).)

Dated: June 15, 2026                              Respectfully submitted,

                                                  */s/ Cortney Robinson Henderson*
                                                  CHRISTINE L. COOGLE (BAR NO. 21846)
                                                  JOEL MCELVAIN (BAR NO. 31673)
                                                  CORTNEY ROBINSON HENDERSON (BAR NO. 31968)
                                                  DEMOCRACY FORWARD FOUNDATION
                                                  P.O. Box 34553
                                                  Washington, D.C. 20043
                                                  (202) 935-2082
                                                  jmcelvain@democracyforward.org
                                                  crhenderson@democracyfoward.org
                                                  ccoogle@democracyfoward.org

                                                  *Counsel for Plaintiffs*

2